**Beverly GOLDMAN, Plaintiff,**

v.

**NORTHWEST AIRLINES INC. and Otis Elevator Corporation, Defendants.**

Civ. No. 3–90–286.

United States District Court,
D. Minnesota,
Third Division.

Oct. 25, 1991.

Robert Norton Stone, Hunegs, Stone, Koenig & Reid, Minneapolis, Minn., for plaintiff Beverly Goldman.

William Davidson Flaskamp, Meagher & Geer, Minneapolis, Minn., for defendant Northwest Airlines Inc.

John F. Angell, Stich, Angell, Kreidler & Muth, Minneapolis, Minn., for defendant Otis Elevator Corp.

ORDER OF DISMISSAL

DEVITT, District Judge.

This personal injury diversity case was improvidently brought in this court under 28 U.S.C. § 1332(a)(1) claiming a monetary controversy in excess of $50,000.00. It is quite apparent now that no such amount is in controversy and plaintiff has not carried her burden to show it. The action was dismissed in court at pretrial conference on October 17, 1991, when plaintiff failed to appear as directed and the absence of the required jurisdictional amount became apparent. These expressions are intended to memorialize that action.

The pertinent law is that a party seeking to invoke jurisdiction of the federal courts has the burden of proving its existence by showing that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Zunamon v. Brown*, 418 F.2d 883, 885 (8th Cir.1969). Here we deal with a claimed fall by plaintiff from a travelator (people mover) on the gold concourse at Twin Cities Metropolitan Airport in 1988. There has not been extensive pretrial discovery and the court records do not reflect much detail. There is no claim or evidence of substantial or permanent injury, hospi-

talization or income loss. It does not appear that plaintiff consulted medical personnel for diagnosis or treatment of alleged "bruises and contusions" of her limbs or other possible injuries. Mere broad conclusionary assertions of physical injury do not justify a damage claim in excess of $50,000.00 such as is now required to successfully invoke federal diversity jurisdiction. *See* 14A *WRIGHT,* et als, *Federal Practice and Procedure,* ch. 6, § 3707.

The files and records of this case are completely devoid of any showing, much less one to a legal certainty, that it is a $50,000.00 plus case and, perforce, it must be dismissed because the court is without jurisdiction.